# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Jing Chen (1),
Ying Chen (2).
Li Yang (3), and
Xinhua Xiong (4),

Defendants.

Case No. 21-cr-250 (JRT/TNL)

**ARRAIGNMENT NOTICE**
**&**
**ORDER**

This matter comes before the Court on motions for extension of time filed by Defendants Ying Chen, Li Yang, and Xinhua Xiong. ECF Nos. 105; 109; 107. Defendants Ying Chen and Xinhua Xiong have each filed a statement of facts in support of their motions. ECF Nos. 106; 108. This matter was previously designated complex under 18 U.S.C. § 3161(h)(7)(B)(iv). ECF No. 104.

Defendants Ying Chen, Li Yang, and Xinhua Xiong seek a 60-day extension of the deadline for filing pretrial motions primarily based on the time needed to review and discuss with counsel two terabytes[1] of discovery disclosed by the Government. ECF Nos. 105 at 1; 107 at 1; 109 at 1. In e-mail correspondence, the Government has indicated that it has no objection to the requested extensions.

---

[1] It is not entirely clear whether this is the same two terabytes of discovery Defendants were previously anticipating disclosure of, *see, e.g.*, ECF Nos. 104 at 1; 76 at 1; 78 at 2; 79 at 1, or an additional two terabytes.

1

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[2] On March 4, 2022, Chief Judge Tunheim entered General Order No. 34, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 34 (D. Minn. March 4, 2022). General Order No. 34 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 34 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[3] General Order No. 34 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19. **Accordingly, should a defendant**

---

[2] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

[3] *See also* General Order No. 35, which went into effect on March 21, 2022, vacated General Order No. 33, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 35 (D. Minn. March 21, 2022).

**file pretrial motions, counsel shall also file a letter indicating whether that defendant consents to a motions hearing by videoconference.** *See also, e.g.*, ECF No. 44.

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

The Court will grant an extension of 60 days. Because "[e]xclusions of time attributable to one defendant apply to all codefendants," *United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) (quotation omitted); *see also United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006), this period of time will be excludable as to all Defendants, including Jing Chen.[4]

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Ying Chen's 3rd Motion for Extension of Time to File Pretrial Motions, ECF No. 105, is **GRANTED**.

2.     Li Yang's Third Motion for Extension of Time to File Pretrial Motions and to Exclude Time Under the Speedy Trial Act, ECF No. 109, is **GRANTED**.

3.     Xinhua Xiong's Second [sic] Motion for Exclude [sic] Time Under Speedy Trial Act, ECF No. 107, is **GRANTED**.

---

[4] To the extent Defendant Ying Chen's motion can be read as indicating opposition by Defendant Jing Chen to the requested extension, the Court notes that no objection was received from Defendant Jing Chen.

4.      The period of time from **March 29 through June 28, 2022**, shall be excluded from Speedy Trial Act computations in this case. *See Mallett*, 751 F.3d at 911; *Arrellano-Garcia*, 471 F.3d at 900.

5.      All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **June 6, 2022**.   D. Minn. LR 12.1(c)(1).  Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

6.      **Should a defendant file pretrial motions, counsel shall also file a letter on or before June 6, 2022, indicating whether that defendant consents to a motions hearing by videoconference**. *See, e.g.*, ECF No. 44.

7.      Counsel shall electronically file a letter on or before **June 6, 2022**, if no motions will be filed and there is no need for hearing.

8.      All responses to motions shall be filed by **June 21, 2022**. D. Minn. LR 12.1(c)(2).

9.      Any Notice of Intent to Call Witnesses shall be filed by **June 21, 2022**.  D. Minn. LR. 12.1(c)(3)(A).

10.     Any Responsive Notice of Intent to Call Witnesses shall be filed by **June 24, 2022**. D. Minn. LR 12.1(c)(3)(B).

11.     A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

> a.      The government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

4

b.      Oral argument is requested by either party in its motion, objection or response pleadings.

12.      **If required, the motions hearing shall take place before the undersigned on June 28, 2022, at 10:00 a.m., in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.**  D. Minn. LR 12.1(d).

13.      **Jing Chen's arraignment, ECF No. 104 at 10, is likewise continued and shall take place before the undersigned on June 28, 2022, at 10:00 a.m., in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.**

14.      **TRIAL:**

a.      **IF NO PRETRIAL MOTIONS ARE FILED BY A DEFENDANT, the following trial and trial-related dates are:**

All voir dire questions and jury instructions must be submitted to Chief District Judge John R. Tunheim on or before **July 18, 2022**.

This case must commence trial on **August 1, 2022**, at **9:00 a.m.** before Chief District Judge Tunheim in **Courtroom 14E**, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

[Continued on next page.]

b. **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions.  Counsel must contact the Courtroom Deputy for Chief District Judge Tunheim to confirm the new trial date.**

Dated: April___7___, 2022

_____*s/ Tony N. Leung*_____
TONY N. LEUNG
United States Magistrate Judge
District of Minnesota


*United States v. Chen et al.*
Case No. 21-cr-250 (JRT/TNL)